**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

| | |
|---|---|
| JEAN PAGE, | ) |
| | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) JURY TRIAL DEMANDED |
| | ) |
| FAIR COLLECTIONS AND | ) |
| OUTSOURCING, INC., | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT**

Plaintiff, JEAN PAGE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against Defendant FAIR COLLECTIONS AND OUTSOURCING, INC. ("Defendant"):

**INTRODUCTION**

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

**JURISDICTION AND VENUE**

2.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.      Defendant conducts business and maintains its headquarters in the State of Maryland, therefore personal jurisdiction is established.

1

4.       Venue is proper pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(b)(2).

**PARTIES**

5.       Plaintiff is a natural person, who resides in Silver Spring, Maryland.

6.       Defendant is a debt collection company, which maintains its headquarters at 12304 Baltimore Avenue, Suite E, Beltsville, Maryland 20705.

7.       At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

8.       Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9.       At all relevant times, Defendant attempted to collect an alleged consumer debt from Plaintiff, related to an apartment rental.

10.       The alleged debt arose out of transactions that were for personal, family or household purposes.

11.       Further, as Plaintiff has no business debt, the debt sought by Defendant could have only been personal in nature.

12.       From September 2011 to the present, Defendant has placed continuous harassing telephone calls to Plaintiff's home and work telephones.

13.       Defendant's harassing collection calls originated from numbers including, but not limited to (240) 374-5474.  The undersigned has confirmed this number belongs to Defendant.

PLAINTIFF'S COMPLAINT

14.     Defendant's collectors were rude and aggressive with Plaintiff, informing her that payment must be immediate and must be the entire amount demanded, regardless of Plaintiff's current financial circumstances.  This behavior has caused the Plaintiff fear and anxiety.

15.     Defendant's collectors often called Plaintiff three times in a given day.

16.     Plaintiff also received back-to-back calls from defendant's collectors.

17.     Defendant's collectors also called Plaintiff after 9:00 pm and before 8:00 am.

18.     Defendant's collectors called and hung up on some occasions when the call had been answered.

19.     On several occasions, Defendant's collectors failed to identify themselves as debt collectors in contacts with Plaintiff.

20.     Defendant's collectors were informed that personal calls at work were not permitted by Plaintiff's employer, and to stop calling there, to which the collectors responded by stating that they would continue to call her at work until the alleged debt is collected.  This caused Plaintiff to become anxious about the impact of such conduct.

21.     Plaintiff has never received any mail from Defendant and has no idea as to the amount of the debt or other details.

22.     Defendant's collectors never notified Plaintiff in writing to inform her of her rights to dispute the debt in writing and/or to seek verification.

23.     Defendant acted with intent to intimidate, annoy, harass, and coerce payment.

3

PLAINTIFF'S COMPLAINT

1

2

**COUNT I**
**DEFENDANT VIOLATED §1962c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

3

24.      Section 1692c(a)(1) of the FDCPA prohibits debt collectors from contacting a

4

consumer at a time known to be inconvenient.  Unless the consumer notifies the debt collector

5

otherwise, the presumed time that is appropriate to call consumers is before 8:00 A.M. or after

6

9:00 P.M., local time at the consumer's location.

7

25.      Defendant violated §1692c(a)(1) of the FDCPA by calling after 9:00 P.M. on and

8

before 8:00 A.M. on Saturdays.

9

10

11

**COUNT II**
**DEFENDANT VIOLATED §1692c(a)(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

12

13

26.      Section 1692c(a)(3) of the FDCPA prohibits collectors from calling a

14

consumer's place of employment if the debt collector knows that the consumer's employer

15

prohibits such communication.

16

27.      Defendant violated section 1692c(a)(3) of the FDCPA by calling Plaintiff at her

17

place of employment even after the Plaintiff told her that she could not take personal calls at

18

work.

19

20

21

**COUNT III**
**DEFENDANT VIOLATED § 1692d OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

22

23

28.      Section 1692d of the FDCPA prohibits debt collectors from engaging in any

24

conduct the natural consequence of which is to harass, oppress or abuse any person in connection

25

with the collection of a debt.

4

29.     Defendant violated § 1692d of the FDCPA when it harassed Plaintiff by calling repeatedly and continuously, by being aggressive with Plaintiff on the telephone, by refusing to stop the phone calls to Plaintiff's work even though Plaintiff told the collectors to stop, by attempting to intimidate Plaintiff by telling her that they will call her until the debt is collected, and when it engaged in other harassing or abusive conduct.

## COUNT IV
## DEFENDANT VIOLATED 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

30.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number.

31.     Defendant violated section 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly, sometimes up to three times a day, and continuously with the intent to harass or annoy Plaintiff.

## COUNT V
## DEFENDANT VIOLATED § 1692e OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

32.     Section 1692e of the FDCPA prohibits debt collectors from using false, deceptive or misleading representation or means in connection with the collection of any debt.

33.     Defendant violated §1692e of the FDCPA, when it used deceptive means by failing to give the Plaintiff any information on the alleged debt, including not telling the Plaintiff the amount of the alleged debt and failing to disclose communications were from a debt collector, and by using other deceptive or misleading conduct.

PLAINTIFF'S COMPLAINT

1

2

3

**COUNT VI**
**DEFENDANT VIOLATED 1692e(10) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

4

5

34.     Section 1692e(10) of the FDCPA prohibits debt collectors from using false

representations or deceptive means to collect a debt or to obtain information from a consumer.

6

7

35.     Defendant violated §1692e(10) of the FDCPA by failing to give the Plaintiff

8

any information on the alleged debt, including not telling the Plaintiff the amount of the alleged

9

debt, nor why they were calling Plaintiff, when it failed to disclose communications were from a

10

debt collector and when it made other false, deceptive or misleading representations.

11

12

13

**COUNT VII**
**DEFENDANT VIOLATED 1692e(11) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

14

36.     Section 1692e(11) of the FDCPA requires that debt collectors disclose that

15

communications are from a debt collector in all communications with a consumer.

16

17

37.     Defendant violated §1692e(11) of the FDCPA when it failed to disclose that

communications were from a debt collector.

18

19

20

**COUNT VIII**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

21

22

38.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or

23

unconscionable means to collect or attempt to collect an alleged debt.

24

39.     Defendant violated §1692f of the FDCPA when it engaged in unfair and

25

unconscionable conduct by being very aggressive with the Plaintiff, by continuing to call the

6

Plaintiff at work even after Plaintiff told Defendant's collectors that she could not take their calls at work, by aggressively telling the Plaintiff that they would continue to call her until the debt is collected, by calling Plaintiff up to three times a day, when it failed to disclose communications were from a debt collector and when it engaged in other unfair or unconscionable conduct.

## COUNT IX
## DEFENDANT VIOLATED § 1692g OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

40.     Section 1692g of the FDCPA states that within five days after the initial communication with a consumer in connection with the collection of a debt, a debt collector shall send the consumer a written notice containing the amount of the debt and the name of the creditor to whom the debt is owed.

41.     Defendant violated § 1692g of the FDCPA when it failed to send the Plaintiff notification of her right to dispute the debt or to demand verification thereof.

## COUNT X
## DEFENDANTS VIOLATED § 14-202 OF THE
## MARYLAND CONSUMER DEBT COLLECTION ACT

42.     Section 14-202 of the Maryland Consumer Debt Collection Act prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect an alleged debt.

43.     Defendant violated § 14-202 of the Maryland Consumer Debt Collection Act when it called Plaintiff at inconvenient times, when it failed to disclose itself as a debt collector and when it otherwise violated the Maryland Consumer Debt Collection Act.

PLAINTIFF'S COMPLAINT

1      WHEREFORE, Plaintiff, JEAN PAGE, respectfully prays for a judgment as follows:

2          a.      All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1) and MD

3                  Code § 14-203;

4          b.      Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to

5                  15 U.S.C. § 1692k(a)(2)(A);

6          c.      Reasonable attorney's fees, witness fees, court costs and other litigation

7                  costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

8          d.      Any other relief deemed appropriate by this Honorable Court.

9

10                          **DEMAND FOR JURY TRIAL**

11      PLEASE TAKE NOTICE that Plaintiff, JEAN PAGE demands a jury trial in this case.

12

13

14

        DATED:  08/23/12                      By: /s/ Amy L. Bennecoff

15
                                              Amy L. Bennecoff
16                                            Kimmel & Silverman, P.C
                                              Bar ID No. 29950
17                                            30 East Butler Pike
                                              Ambler, PA 19002
18                                            Telephone: (215) 540-8888
                                              Facsimile (215) 540-8817
19                                            Email: abennecoff@creditlaw.com
20                                            Attorney for Plaintiff

21

22

23

24

25

                                    8

                          PLAINTIFF'S COMPLAINT