IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JEAN PAGE                          :

    v.                :   Civil Action No. DKC 12-2528

FAIR COLLECTIONS AND               :
OUTSOURCING, INC.                  :

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jean Page commenced this action on August 23, 2012, by filing a complaint alleging violation of the Fair Debt Collection Practices Act against Defendant Fair Collections and Outsourcing, Inc. Defendant answered on December 21, 2012, and a scheduling order was entered. A modified scheduling order subsequently set the deadline for completion of discovery for July 31, 2013. On that date, Plaintiff filed a motion for extension of time to complete discovery, citing Defendant's failure to provide answers to interrogatories or responses to requests for production of documents. (ECF No. 18). That motion was granted and the discovery deadline was extended to September 13. (ECF No. 19). As the second modified deadline approached and Defendant still had not provided its initial discovery responses, Plaintiff, after unsuccessfully attempting to confer with defense counsel, filed the pending motion to

compel on August 15. (ECF No. 20). Defendant has not responded to this motion.

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(iii), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . [if] a party fails to answer an interrogatory submitted under Rule 33[.]" Rule 37(a)(5)(A) provides that, "[i]f the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The court may not order this payment, however, if the movant did not make a good faith attempt to obtain the discovery without court action, if the non-moving party's nondisclosure was substantially justified, or if other circumstances make an award of expenses unjust. *Id*.

The instant record reflects that Plaintiff served interrogatories and document production requests on or about February 27, 2013; that, despite multiple modifications of the schedule and good faith efforts by Plaintiff's counsel to obtain discovery responses, Defendant has yet to respond; and, by failing to respond to the motion to compel, Defendant has failed

to advance any justification for not imposing an award of fees and costs. Thus, Fed.R.Civ.P. 37(a)(5)(A) mandates that Defendant be required to pay Plaintiff's reasonable attorney's fees and costs associated with its motion. While Plaintiff requests an order compelling a response within ten days, the discovery deadline in this case is September 13, *i.e.*, in approximately seven days, and Defendant must serve complete discovery responses prior to that date or risk further sanctions, including default judgment. *See* Fed.R.Civ.P. 37(b)(2)(A)(vi).

Accordingly, it is this 6th day of September, 2013, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff's motion to compel (ECF No. 20) BE, and the same hereby IS, GRANTED;

2. Defendant is directed to serve full and complete discovery responses by no later than September 13;

3. Plaintiff is directed to file a fee petition for its reasonable expenses incurred in making the motion to compel; and

4. The clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

                                                        /s/
                                    DEBORAH K. CHASANOW
                                    United States District Judge